NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000429
26-SEP-2013
09:00 AM

NO. CAAP-11-0000429

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MARK A. ANDERSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 10-1-0360(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Mark A. Anderson (Anderson) appeals from the Judgment entered in the Circuit Court of the Second Circuit (Circuit Court)[1] on April 29, 2011. After a jury trial, Anderson was convicted of first-degree terroristic threatening. He was sentenced to five years of probation, subject to the special condition that he serve nine days of imprisonment with credit for time served.

On appeal, Anderson argues that the Circuit Court erred in: (1) admitting into evidence Anderson's statement that he wanted the arresting police officer to shoot him, which Anderson asserts was obtained in violation of his Miranda rights; and (2) excluding evidence that the complaining witnesses "were trespassing on the Nahiku property and that they damaged a house on the property," which Anderson asserts would have shown their bias and motive to fabricate their terroristic threatening claim.

---

[1] The Honorable Joseph E. Cardoza presided.

The State concedes error on both points and agrees with Anderson that the case should be remanded for a new trial. We vacate the Circuit Court's Judgment and remand the case for a new trial.

I.

Based on our review of the record, we conclude that Anderson did not validly waive his Miranda rights, and therefore, the Circuit Court erred in admitting Anderson's statement that he wanted the arresting police officer to shoot him. "An explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent or the right to counsel guaranteed by the Miranda case." State v. Henderson, 80 Hawai'i 439, 442, 911 P.2d 74, 77 (1996) (internal quotation marks and brackets omitted) (quoting North Carolina v. Butler, 441 U.S. 369, 375-76 (1979)). In this case, however, we conclude that under the totality of the circumstances, including Anderson's failure to acknowledge understanding his rights, the absence of an express waiver, Anderson's irrational behavior, and his request to be taken to the mental health ward, that Anderson did not validly waive his Miranda rights. We further conclude that the erroneous admission of Anderson's challenged statement was not harmless beyond a reasonable doubt. Accordingly, we vacate Anderson's conviction and remand the case for new trial.

Anderson argues that the Circuit Court erred in excluding evidence that the complaining witnesses were trespassers who had "made a mess" on the property he was managing, evidence he asserts would have shown their bias and motive to fabricate their claims against him. It is not clear that Anderson objected to the Circuit Court's exclusion of the proffered evidence on this basis.[2/] However, in light of our decision to remand the case based on Anderson's Miranda claim, we need not resolve the scope of Anderson's objection at trial. The State concedes that Anderson should have been allowed to present

_____

[2/] In opposing the State's motion in limine, Anderson argued that the proffered evidence was necessary to show why Anderson approached the complaining witnesses at the time the alleged terroristic threats were made.

2

evidence regarding the complaining witnesses's "alleged squatting and property damage" to show their motive to fabricate their claim and to question their credibility.  We conclude that on remand, Anderson is entitled to present such evidence to show the complaining witnesses's bias and motive for fabricating their claim against him.

II.

We vacate the Circuit Court's Judgment and remand the case for a new trial.

DATED: Honolulu, Hawai'i, September 26, 2013.

On the briefs:

Benjamin E. Lowenthal
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3